FILED
SUPERIOR COURT
OF GUAM

2020 DEC 15 PM 3: 24

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>     Plaintiff,<br><br>  v.<br><br>BRIAN SANCHEZ CHAN,<br>DOB: 08/16/1980<br><br>     Defendant. | **Criminal Case No. CM0503-01**<br>GPD Report No. 01-02642<br><br><br>**DECISION AND ORDER<br>GRANTING REVOCATION OF<br>PROBATION** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 13, 2020 for a Return of Warrant Hearing in the above captioned matter related to Brian Sanchez Chan's ("Defendant's") failure to appear at scheduled court hearings and the Adult Probation Office's First Violation Report. Defendant is represented by Assistant Public Defender Rocky Kingree and the People of Guam are represented by Assistant Attorney General Sean Brown. During the hearing, the Court revoked the Defendant's probation, sentenced defendant to sixty (60) days incarceration, and now issues this written decision memorializing its ruling.

### BACKGROUND

In July 2001, the Defendant was charged with Driving While Under the Influence of Alcohol (As a Misdemeanor), Driving While Under the Influence of Alcohol (B.A.C.) (As a Misdemeanor), and Reckless Driving (As a Petty Misdemeanor). (Magistrate's Complaint, Jul.

16, 2001). The Defendant subsequently pled guilty to Reckless Driving (As a Petty Misdemeanor – 1st Offense), and a judgment was entered imposing the terms of the agreement: sixty (60) days incarceration (all suspended) with credit for time served; thirty (30) days suspension of driver's license (without occupational privileges); fine of five hundred dollars ($500.00) plus eighty dollars ($80.00) court costs; and a probationary term of one year. (DWI Court Judgment and Commitment Order at 1-2, Jul. 3, 2019). The following relevant conditions of probation were imposed:

1) Do not consume alcohol or take illegal drugs;
2) Allow Probation to search home, person, or vehicle, for alcohol or drugs;
3) Be subject to random testing for alcohol and drugs by Probation
4) Consent to blood, breath, urine, or saliva testing by a police officer if arrested for a DWI offense
5) Do not enter any establishment whose primary business is the sale of alcoholic beverages
6) Report to the Probation Office in person within 48 hours and monthly thereafter
7) Attend all court hearings
8) Submit to treatment and assessment by Probation and/or the Guam Behavioral Health and Wellness Center, and attend all classes and treatment recommended
9) Pay for the cost of any such treatment
10) Abide by all conditions and instructions of the Court, treatment counselors, and probation officers

(DWI Court Judgment and Commitment Order at 2, Jul. 3, 2019).

Between September 2019 and November 2019, the Defendant failed to appear at his scheduled courtroom hearings resulting in a bench warrant and his subsequent arrest. (Minute Entry, Sep. 26, 2019); (Minute Entry Nov. 21, 2019); (Warrant of Arrest, Nov. 26, 2019).

In October 2019, a violation report was filed, stating the Defendant had failed to report to the Probation Office monthly in person, failed to attend and complete Driving with Care Level I, and failed to make monthly payments towards his fine, court costs, and Driving with Care tuition fee. (1st Violation Report, Oct. 17, 2019).

The Court held a Return of Warrant Hearing in which the Court decided to revoke the Defendant's probation. (Minute Entry, Nov. 12, 2020).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's

probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office monthly in person, failing to attend and complete Driving with Care Level I, failing to make monthly payments towards his fine, court costs, and Driving with Care tuition fee; and failing to attend scheduled court dates. (1st Violation Report, Oct. 17, 2019); (Minute Entry, Sep. 26, 2019); (Minute Entry Nov. 21, 2019).

Having found that Defendant was in violation of her probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant failed to report to the Probation Office for over three months, failed to attend and complete his assigned treatment courses, failed to make any payments to date concerning his fine, court costs, or course tuition fees, and missed multiple scheduled court dates. (1st Violation Report, Oct. 17, 2019); (Minute Entry, Sep. 26, 2019); (Minute Entry Nov. 21, 2019). Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Brian Sanchez Chan's, probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to sixty (60) days incarceration at the Department of Corrections, Mangilao. Defendant shall be credited for any time already served in the above-captioned matter. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this November 30, 2020 *nunc pro tunc* to November 13, 2020.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**